UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHELLE DAWN G.,[1] <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, Acting Commissioner of Social Security Administration,[2] <br><br> Defendant. | Case No. 1:23-cv-00461-CWD <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiff filed a Complaint seeking judicial review of the Commissioner's denial of her applications for a period of disability and disability insurance benefits, and supplemental security income, under Titles II and XVI of the Social Security Act. (Dkt. 1.) The matter is fully briefed and at issue. (Dkt. 17, 22, 23.) Having carefully reviewed

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Leland Dudek was named Acting Commissioner of Social Security Administration on February 19, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek will be substituted as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**MEMORANDUM DECISION AND ORDER  - 1**

the parties' memoranda and the entire administrative record (AR), the Court will affirm[3] the decision of the Commissioner as explained below.

## BACKGROUND

On January 6, 2021, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, claiming disability beginning December 15, 2019. (AR 20, 88, 244 - 253.) At the time of the alleged disability onset date, Plaintiff was 39 years of age. (AR 29.)

The application was denied initially and on reconsideration, and a hearing was conducted by video on September 8, 2022, before an Administrative Law Judge (ALJ). (AR 44 – 74.) After considering testimony from Plaintiff and a vocational expert (VE), the ALJ issued a decision on October 26, 2022, finding Plaintiff had not been under a disability since December 15, 2019. (AR 17 – 38.) Plaintiff timely requested review by the Appeals Council, which denied her request for review on August 21, 2023. (AR 1 – 7.)

Plaintiff timely appealed the Commissioner's decision to the Court on October 13, 2023. (Dkt. 1.) The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have the power to enter…a

---

[3] All parties consented to the jurisdiction of a magistrate judge to hear and decide all matters in this proceeding. (Dkt. 11.) 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

**MEMORANDUM DECISION AND ORDER - 2**

judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Court must uphold the ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id.*

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id.*

## THE ALJ'S ANALYSIS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step[4] sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 15, 2019, the alleged onset date. (AR 22.)

At step two, the ALJ found Plaintiff had the following medically determinable, severe impairments: "depressive disorder, anxiety disorder, and attention deficit hyperactivity disorder (ADHD)." (AR 23.) The ALJ found Plaintiff's migraines and irritable bowel syndrome non-severe. (AR 23.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments which met or were medically equal to a listed impairment. (AR 23 – 25.) The ALJ indicated he considered the listings pertaining to mental impairments. (AR 24.)

---

[4] *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013), sets forth the five-step review process as follows: "The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id*. § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id*. If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id*. § 416.920(a)(4)(iv)-(v)."

**MEMORANDUM DECISION AND ORDER - 4**

At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to perform light work[5] as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b), with the following mental limitations:

> The claimant is able to perform simple, routine, and repetitive tasks. She is able to perform simple work-related decisions using judgment and dealing with changes in the work setting, Finally, the claimant is able to occasionally interact with coworkers and the public.

(AR 26.)

The ALJ found that Plaintiff was unable to perform her past relevant work as a fast food worker or customer service representative. (AR 29.) Relying upon testimony from the VE, the ALJ found at step five that jobs exist in significant numbers in the national economy that Plaintiff could perform given her age, education, work experience, and RFC, such as: Cafeteria Attendant; Cleaner; and Marker. (AR 30.) The ALJ therefore determined that Plaintiff had not been under a disability from December 15, 2019, through October 26, 2022, the date of the decision. (AR 31.)

---

[5] The Dictionary of Occupational Titles defines light work as follows:

> Light Work - Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

Dictionary of Occupational Titles Appendix C-Components of the Definition Trailer, 1991 WL 688702. The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. SSR 83-10, *available at* 1983 WL 31251.

**MEMORANDUM DECISION AND ORDER  - 5**

## DISCUSSION

Plaintiff raises the following issues on appeal:

1.   Whether the ALJ erred in his evaluation of the medical opinion rendered by Dr. Gierhart; and,

2.   Whether the ALJ erred in his evaluation of the medical opinion rendered by Kim Spears, N.P.

Because of these errors, Plaintiff contends the RFC was not supported by substantial evidence. Plaintiff raises no further issues on appeal.

### 1.   Evaluation of Medical Source Opinions

Under the applicable regulations effective March 27, 2017, the Commissioner is instructed not to "defer or give any specific evidentiary weight…to any medical opinion(s)… including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). Rather, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources according to the following factors: supportability; consistency; relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examinations); specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors for evaluating persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Therefore, the ALJ must

**MEMORANDUM DECISION AND ORDER - 6**

explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor looks inward at the medical opinion's bases; "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)…, the more persuasive the medical opinions…will be." 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The consistency factor, on the other hand, looks outward, comparing the opinion to the other evidence in the record; "[t]he more consistent a medical opinion(s)…is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s)…will be." 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The ALJ must "articulate…how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." 20 C.F.R. §§ 404.1520c(b), 416.920c(b). "The 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding." *Carmen Claudia S. v. Saul*, 2021 WL 2920614, at *8 (C.D. Cal. July 9, 2021) (quoting *Robert S. v. Saul*, 2021 WL 1214518, at *3 (D. Or. Mar. 3, 2021)). "In sum, the Commissioner must explain his reasoning and specifically address how he considered the supportability and consistency of the opinion, and his reasoning must be free from legal error and supported by substantial evidence." *Id*. (quoting *Titus L. S. v. Saul*, 2021 WL 275927, at *7 (C.D. Cal. Jan. 26, 2021)) (citations omitted).

The ALJ must address the remaining factors—treatment relationship, specialization, and any other factors—when deciding among differing yet equally

**MEMORANDUM DECISION AND ORDER  - 7**

persuasive opinions or findings on the same issue. 20 C.F.R. §§ 404.1520c(b)(2)-(3), 416.920c(b)(2)-(3). The ALJ may address multiple opinions from a single medical source in one analysis. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1) (explaining that "voluminous case records" necessitate source-level articulation).

2.    **Dr. Gierhart's Opinion**

Plaintiff was referred to Dr. Gierhart for a psychological evaluation by Plaintiff's treating provider, Kim Spears, PNP. Under the supervision of Dr. Gierhart, Cheryl Botting-Hammack Ph.D. administered psychological tests and conducted a psychological examination on November 2, 2021. (AR 896 – 913.) Based upon the examination and the objective test results, Dr. Gierhart opined that Plaintiff exhibited symptoms "characteristic of an attention related disorder in regards to inattention. She may struggle to complete tasks and become easily distracted or disorganized. She does not always complete tasks as planned." (AR 905.) The ALJ found Dr. Gierhart's conclusion persuasive, stating: "The cognitive and attention test results support Dr. Gierhart's conclusion, and the claimant's subjective complaints are consistent with her conclusion." (AR 28.)

Plaintiff contends the ALJ failed to adequately articulate his reasoning, and argues the mental RFC contradicts Dr. Gierhart's findings. Specifically, Plaintiff asserts the ALJ did not explain how the mental RFC limitations were consistent with the limitations assessed by Dr. Gierhart. Defendant argues that the ALJ's RFC reflects Dr. Gierhart's opinion, and is consistent with Plaintiff's allegations that she could pay attention for "a few minutes" at a time before losing focus. (AR 321.) Defendant also contends that the

MEMORANDUM DECISION AND ORDER  - 8

ALJ adequately translated Dr. Gierhart's limitations and clinical findings into a succinct RFC.

The Court finds the ALJ's evaluation of Dr. Gierhart's opinion was free from harmful error. Here, the ALJ expressly considered both the supportability and the consistency factors. Although the ALJ's explanation was brief, the Court is able to discern the ALJ's rationale based upon his statements regarding the evidence he considered to formulate his conclusion. *See Nash o/b/o A.R.N.H. v. Berryhill*, No. 2:17-CV-00484-KJD-BNW, 2019 WL 4740546, at *2 (D. Nev. Sept. 6, 2019), *report and recommendation adopted*, No. 2:17-CV-00484-KJD-BNW, 2019 WL 4737998 (D. Nev. Sept. 27, 2019) ("Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record."); *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981) ("Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient.").

The Court first finds Plaintiff failed to carry her burden with respect to the ALJ's translation of the medical opinion evidence into a succinct RFC. The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "An ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)

Beyond her generalized assertion, Plaintiff does not articulate why Dr. Gierhart's opinion was inconsistent with the RFC. For instance, objective tests administered by Dr.

MEMORANDUM DECISION AND ORDER - 9

Gierhart revealed that Plaintiff's ability to sustain attention, concentration, and exert mental control is in the "average range." (AR 900.) Cognitive abilities were also measured to be in the average range, while Plaintiff's ability to process simple or routine visual material was in the very superior range. (AR 902.) Other test results, however, led to Dr. Gierhart's conclusion that Plaintiff may struggle to complete tasks and become distracted or disorganized. (AR 28, 903, 904.) Plaintiff does not explain how Dr. Gierhart's assessment of her ability to sustain concentration conflicted with the RFC, which limited her to simple, routine, and repetitive tasks.

Moreover, Dr. Gierhart's objective findings are largely congruent with the opinions of the state agency medical consultants, whose opinions Plaintiff did not challenge. The state agency medical consultants concluded Plaintiff has moderate limitations in her ability to concentrate, persist or maintain pace; moderate limitations in her ability to interact with others; mild limitations in her ability to adapt; and moderate limitations in the ability to understand and remember detailed instructions. (AR 80, 83.)

Nonetheless, the state agency medical consultants opined that Plaintiff is not significantly limited in her ability to carry out short and simple instructions, perform activities within a schedule, sustain an ordinary routine, make simple work related decisions, and perform at a consistent pace without interruption from psychologically based symptoms. (AR 84, 95, 106.) The ALJ's assessment of Plaintiff's RFC is consistent with the restrictions identified by the state agency medical consultants, who were the only medical providers to offer concrete work-related limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding the ALJ's assessment

**MEMORANDUM DECISION AND ORDER - 10**

of a claimant adequately captured restrictions related to concentration, persistence, or pace where the assessment was consistent with restrictions identified in the medical testimony.).

Based upon the Court's review of the record as a whole, the Court finds the ALJ did not err in his evaluation of Dr. Gierhart's opinion, and that the ALJ's RFC adequately incorporates the restrictions set forth in the medical evidence.

### 3. Kim Spears, N.P.'s Opinion

Treating provider Kim Spears, N.P., completed a psychological assessment in February of 2021. (AR 28, 451 – 454.) The ALJ did not find Spears' opinion that Plaintiff would be absent four or more days per month, or her opinion that Plaintiff had marked limitations regarding her ability to complete a workday, persuasive. (AR 28.)[6] The ALJ concluded that these opinions were not persuasive, because Plaintiff's daily activities and Spears' conservative treatment notes did not support them. (AR 28.)

Plaintiff contends that the ALJ failed to identify Plaintiff's activities of daily living or explain how her activities contradicted Spears' findings concerning absenteeism and off-task behavior. (AR 28.) However, the ALJ discussed Plaintiff's activities at length, noting that Plaintiff reported the ability to care for pets and houseplants, perform household chores, and engage in work-related hobbies, such as painting furniture and selling it in a consignment shop. (AR 27.) The ALJ noted also that Plaintiff had joined a

---

[6] The VE testified that an individual with the RFC assessed by the ALJ who missed more than one day of work each month or was off task greater than 15 percent throughout the workday would be unemployable. (AR 70 – 71.)

**MEMORANDUM DECISION AND ORDER - 11**

botany group and was making friends, and was pushing herself to "do more craft projects," such as painting and working with clay. (AR 27.)

It is clear from a review of the entirety of the ALJ's opinion and the evidence of record cited by the ALJ that the ALJ found these activities inconsistent with Plaintiff's allegations of disabling mental health symptoms that would cause her to be off task throughout a workday or workweek, or miss work to an excessive degree. (AR 28.)[7] Plaintiff does not provide an alternative explanation or articulate how her activities are consistent with Spears' opinion.

Plaintiff next contends that the ALJ failed to explain why Spears' opinion regarding time off task and absenteeism was not supported by Spears' treatment notes, which reflected conservative treatment. Plaintiff cites her complaint of chest pain on October 23, 2019, related to her anxiety; reports of suicidal ideation in October of 2019, which coincided with Plaintiff's cessation of work; and her history of a psychiatric hospitalization in April of 2022 for five days as evidence the ALJ overlooked in his assessment. (AR 417, 419.)

However, the ALJ discussed this evidence in the context of the record as a whole. (AR 27.) Here, Plaintiff alleges disability from December 15, 2019, up through October

---

[7] The Court finds *Mercedes Dawn C. v. O'Malley*, No. 1:22-CV-00525-DKG, 2024 WL 404502, at *4 (D. Idaho Feb. 2, 2024) distinguishable. There, the Court found the ALJ's failure to articulate how the plaintiff's daily activities contradicted her subjective symptom testimony constituted error, which error the Court ultimately found was harmless. *Id.* Here, in contrast, Plaintiff has not challenged the ALJ's assessment of Plaintiff's subjective symptom testimony, which the ALJ found inconsistent with Plaintiff's allegations of disabling mental health symptoms. (AR 27.) In turn, the ALJ relied upon Plaintiff's daily activities to conclude that Spears' opinion regarding time off task and absenteeism was inconsistent with other evidence in the record.

**MEMORANDUM DECISION AND ORDER - 12**

26, 2022. (AR 31, 239.) Plaintiff's reference to isolated instances of exacerbation of symptoms fails to account for the longitudinal evidence of record, which the ALJ discussed. For instance, the ALJ noted that, throughout the relevant period, Plaintiff managed her mental health conservatively with medication and outpatient therapy. (AR 27.) By May of 2021, Plaintiff's treating provider, Dr. Hudsen, noted Plaintiff's anxiety was "stable" and "controlled." (AR 27, 729.) Following her five-day inpatient hospitalization in 2022, Plaintiff was discharged in stable condition, and Plaintiff's condition was described as "functional: Patient is able to complete ADLs on her own and is not gravely disabled." (AR 1011.) She thereafter attended group therapy and continued with medication management. (AR 27, 1011.)

Finally, Spears' treatment notes document improvement in Plaintiff's mental health symptoms following Spears' February 2021 written opinion. (AR 457, 868, 872, 935 – 36, 947, 951, 955.) Following medication changes, Plaintiff reported in May of 2022 that she was doing better, and in July of 2022 reported that her medications were working well. (AR 27, 1053, 1648.) Follow up visits in August and September of 2022 also reveal Plaintiff reported doing well. (AR 27, 1654, 1655.) The ALJ discussed this evidence, and noted also that Plaintiff's providers, including Spears, consistently charted normal mental status examinations. (AR 27, 412 – 439, 935 – 969.)

The Court finds substantial evidence supports the ALJ's conclusion that Spears' opinion is inconsistent with her treatment notes, as well as with the treatment notes as a whole.

## CONCLUSION

For the foregoing reasons, this matter will be affirmed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1) The decision of the Commissioner of Social Security is AFFIRMED; and

2) Judgment will be ENTERED consistent with the above in favor of Defendant.

Dated: **February 25, 2025**

Candy W. Dale
United States Magistrate Judge